The motion for rehearing and that the summary judgment be set aside, is denied.

**NG GIM NUN, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**No. 679.**

United States District Court
S. D. Georgia,
Savannah Division.

May 13, 1957.

Connerat, Dunn, Hunter, Cubbedge, & Houlihan, by Spencer Connerat and Malcolm Maclean, Savannah, Ga., and Joseph S. Hertogs, Jackson & Hertogs, San Francisco, Cal., for plaintiff.

William C. Calhoun, U. S. Atty., Augusta, Ga., by Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., for defendant.

SCARLETT, District Judge.

This matter having come on to be heard before the undersigned Judge of the above-entitled Court upon application of the plaintiff, Ng Gim Nun, under the Nationality Act of 1940, Title 8 U.S. C.A. § 903,* for a judgment of this Court declaring the plaintiff to be a national of the United States, and the matter coming on regularly for hearing, the petitioner appearing in Court by his attorneys, Joseph S. Hertogs, Spencer Connerat and Malcolm Maclean and the defendant appearing through the United States Attorney, and the Court having heard the evidence introduced by both parties, considered arguments and statements of counsel and having fully considered the matter, and the Court being

* Now 8 U.S.C.A. § 1503.

fully advised in the premises, hereby makes the following:

### Findings of Fact

**I**

That jurisdiction of this action is conferred upon this Court by Section 503 of the Nationality Act of 1940, 54 Stat. 1171, 8 U.S.C.A. § 903.*

**II**

That the defendant is the duly appointed, qualified, and acting Secretary of State of the United States, and that the American Consulate General at Hong Kong is an official executive of the defendant herein.

**III**

That the plaintiff, Ng Gim Nun, was denied, by and through an official executive of the defendant herein, a right or privilege as a national of the United States upon the ground that he was not a United States national.

**IV**

That the plaintiff, Ng Gim Nun, was born at Gim Pang Village, Toyshan District, Kwangtung Province, China, on May 6, 1925.

**V**

That the plaintiff, Ng Gim Nun, is the true and lawful blood son of Ng Bing Gue.

**VI**

That the said Ng Bing Gue, father of the plaintiff, is a United States citizen who resided in the United States prior to the birth of the plaintiff herein.

From the foregoing Facts, the Court concludes:

### Conclusions of Law

**I**

That the plaintiff, Ng Gim Nun, acquired United States nationality at birth under Section 1993, Revised Statutes of the United States.†

**II**

That the plaintiff, Ng Gim Nun, is a national of the United States.

**III**

That the plaintiff, Ng Gim Nun, is entitled to have his nationality confirmed by an appropriate decree of this Court, pursuant to the provisions of Section 503 of the Nationality Act of 1940.